**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL LOERA VASQUEZ,

Defendant-Appellant.

No. 11-3043
(D.C. No. 6:10-CR-10135-EFM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Rafael Loera Vasquez appeals from the district court's order denying his motion for release pending sentencing. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Vasquez is charged with one count of illegal reentry into the United States following deportation subsequent to a conviction for an aggravated felony. After his arrest, Mr. Vasquez requested pre-trial release, which the district court denied. He appealed that decision, but the appeal was dismissed as moot because he entered a guilty plea while the appeal was pending. He then filed a motion for release pending sentencing. The government responded, opposing the motion. After holding a hearing, the district court denied the motion for release pending sentencing.

The district court considered whether the request might be moot, but ultimately denied the motion based on Mr. Vasquez's failure to sustain his burden to show that he was not likely to flee (or, in other words, that he was likely to appear in court as required). In reaching that conclusion, the district court considered the circumstances surrounding Mr. Vasquez's immigration status: Mr. Vasquez is currently the subject of a reinstated removal order and the Immigration and Customs Enforcement agency (ICE) has lodged a detainer against him. These circumstances led the district court to conclude that, regardless of whether Mr. Vasquez had any intent or inclination to flee from authorities, it is likely that if he is released pending sentencing, the likelihood is that he will be taken into custody by ICE, the removal order will be executed, and he will not be available to appear at sentencing.

II

On appeal, Mr. Vasquez argues that the fact of the ICE detainer is not a legally sufficient basis on which to deny release. We review *de novo* mixed questions of law and fact concerning the detention decision. United States v. Cisneros, 328 F.3d 610, 613 (10th Cir. 2003).

We need not address whether an ICE detainer is, in and of itself, a sufficient reason to deny release, because the facts of this case offer more than just an ICE detainer–Mr. Vasquez is also the subject of a reinstated removal order. We note that the cases Mr. Vasquez cites are distinguishable on that basis, and on the fact that this is no longer a pretrial detention case governed by 18 U.S.C. § 3142. Release pending sentencing or appeal is governed by a different statute with different proof requirements and burdens. See 18 U.S.C. § 3143.

The bulk of Mr. Vasquez's argument on appeal focuses on offering scenarios that could possibly result in him being released from ICE custody, consequently permitting his physical appearance in court. The possibilities he offers range from being released on agency bond to successfully challenging the reinstated removal order. We need not address the various possibilities, however, because, regardless of what is possible, Mr. Vasquez was required to show, *by clear and convincing evidence*, that he is not likely to flee (i.e., that he is likely to appear in court when required). 18 U.S.C. § 3143(a). The simple fact is that there is no evidence, let alone clear and convincing evidence, that one of his

proffered scenarios will occur.  The district court was correct to deny release under the circumstances.

The district court's order denying release pending sentencing is AFFIRMED.

Entered for the Court,
Per Curiam